IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRUCE MUSRASRIK, ) | CIVIL NO. 06-00150 HG-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY AND COUNTY OF HONOLULU, a ) | |
| Municipal Corporation; BOISSE ) | |
| P. CORREA; MARK KAJIWARA; ) | |
| ALBERT LEE; KEVIN TAKEHARA; DAY ) | |
| OSHIRO; RICHARD ADAMS; BRANDON ) | |
| OHTA; and DOES 1-30, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff brings this case against the City and County of Honolulu and various individual police officers for the alleged violation of his constitutional rights by the use of excessive force and the failure to provide medical treatment when he was arrested for, among other things, driving while intoxicated. Defendants move for summary judgment, claiming Plaintiff's constitutional claims, brought pursuant to 42 U.S.C. § 1983, are barred on the grounds set forth by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).

1

For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff Bruce Musrasrik ("Plaintiff") brings various federal constitutional and state law claims against the Defendant City and County of Honolulu, Boisse P. Correa, Chief of the Honolulu Police Department, and the other individually named defendants, who are Honolulu Police Department police officers, in their individual and official capacities.

Defendants' statement of facts cites to numerous allegations in Plaintiff's Complaint.[1]  According to Plaintiff's Complaint:

On July 6, 2004, at approximately 3:10 a.m., Plaintiff was following a white sedan in his truck.  The defendant police officers saw the truck and white sedan.  Believing the truck was following the white sedan too closely, the officers followed the vehicles.  Plaintiff drove his truck into a restaurant parking lot, where he and three passengers existed the truck and walked toward the restaurant.  As Plaintiff walked toward the restaurant, Officers Takehara, Oshiro, and Adams approached him, told him to stop and asked him for personnel information. Officer Lee arrived shortly thereafter.

---

[1] Defendants suggest they assume the facts of the complaint to be true only for summary judgment purposes.  Such an assumption is inappropriate in the summary judgment context.  A summary judgment motion is based on undisputed material issues of fact.

Plaintiff did not immediately respond to the officers' requests.  Officer Adams placed his hand on Plaintiff's shoulder and Plaintiff turned and asked what he wanted.  Upon the officers' request, Plaintiff begin walking toward his truck to obtain his driver's license and vehicle registration information.  When Plaintiff approached his truck, Officer Adams informed him he was under arrest.  A confrontation ensured.  Plaintiff asked why he was being arrested.  Adams grabbed Plaintiff's left arm and Adams and the other officers threw him to the ground.  While on the ground, Plaintiff felt pain in his left ankle and saw Adams raise what appeared to be a baton.  Plaintiff saw Adams strike him with the baton. Plaintiff was unable to stand on his own.  Adams and Takehara took Plaintiff to the police vehicle.  Plaintiff was unable to get his right leg inside the police car and Adams slammed the car door on his right ankle.

   Plaintiff alleges he told Adams he had severe ankle pain.  Adams did not take Plaintiff to the hospital.  Instead, Adams took Plaintiff to the main police station.

   Plaintiff alleges he told the officers that he believed he had broken his ankle and requested medical attention.  Defendants did not provide any medical care or attention.

   Plaintiff further alleges he was not intoxicated to the point of being unsteady on his feet and stumbling.  Plaintiff did not resist arrest or attempt force against Defendants.  At the

police station, Defendants booked Plaintiff for Operating a Vehicle Under the Influence of an Intoxicant, Reckless Driving, and Disobedience to a Police Officer's direction.

Subsequently, on February 16, 2005, after a bench trial, Plaintiff was convicted of Operating a Vehicle Under the Influence of an Intoxicant.  Plaintiff did not appeal his conviction and his conviction has not been otherwise overturned or set aside.

As to the charges of Reckless Driving and Disobedience to a Police Officer's direction, Plaintiff entered no contest pleas which the court accepted as deferred acceptance of guilty pleas. The two cases were eventually dismissed in light of Plaintiff's compliance with the conditions imposed by the court.

In his declaration, Plaintiff states that the basis for his Complaint is the fact that the officers fractured his leg when they arrested him and that they did not provide him with proper medical care.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met simply by pointing out to the district court that there is an absence of evidence to support the nonmovant's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment

may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989).

Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994). Nor can the opposing party rest on conclusory statements. <u>National Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## **ANALYSIS**

### *Section 1983*

Plaintiff's constitutional claims are brought pursuant to 42 U.S.C. 1983.[2] To state a claim under Section 1983, a plaintiff

---

[2] Plaintiff also cites 42 U.S.C. § 1985 which prohibits conspiracies to interfere with an individual's civil rights. "To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States." <u>Warren v. Mayberg</u>,

must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007) (citing Plumeau v. School Dist. # 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). While Plaintiff's Complaint improperly alleges municipal liability under the doctrine of respondent superior, Defendants do not argue for dismissal on this basis. Nor, at this time, do Defendants address the applicability of the doctrine of qualified immunity to the actions of the individual officers.[3]

---

2007 WL 3274273, at *2 (E.D. Cal. 2007)(citing Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980)).

[3]  Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.  The privilege is "'an immunity from suit rather than a mere defense to liability.'"  Saucier v. Katz, 533 U.S. 194, 200 (2001) (emphasis omitted) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "When an individual sues a government official for violation of a constitutional right, the official is entitled to qualified immunity unless (1) the facts alleged, viewed in the light most favorable to the individual asserting the injury, show that the

### *Plaintiff's Fourth Amendment claims*

The primary issue presented by Defendants' motion is whether some or all of Plaintiff's constitutional claims brought pursuant to Section 1983 are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Under Heck, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 486-87.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983.  Id. at 487.

In Smith v. Hermet, 394 F.3d 689 (9th Cir. 2005) the Ninth Circuit Court of Appeals made clear "that a § 1983 claim alleging the use of excessive force will be barred under Heck only where 'it is clear from the record that its successful prosecution would necessarily' imply the invalidity of the plaintiff's

---

official violated a constitutional right, and (2) the contours of the right were sufficiently clear so that a reasonable official would understand that his conduct violated that right." Whitaker, 486 F.3d at 581.

underlying conviction." Candler v. Woodford, 2007 WL 3232435, at *7-8 (N.D. Cal. Nov. 1, 2007) (quoting Smith, 394 F.3d at 699); see Lara v. City of Santa Clara Police Dept., 2007 WL 2753466, at *2 (N.D. Cal. 2007) (Plaintiff's claim for use of excessive force during the course of his arrest may not necessarily imply the invalidity of the arrest or conviction and therefore may not be barred by Heck).

In determining whether Heck bars a civil action under Section 1983, the Court looks to the facts underlying the conviction or guilty plea.  In cases where a plaintiff is convicted of resisting or obstructing arrest, it is more likely that, if the plaintiff were to prevail on his Section 1983 for unconstitutional use of excessive force, it would necessarily imply the invalidity of the conviction.  This is because one of the required elements for resisting arrest is that the officer be engaged in the *lawful* performance of his duties.  An allegation that an officer used excessive force necessarily implies that the arrest was *unlawful*.  See, e.g., Gilmore v. Eubanks, 1999 WL 144881, at *2 (N.D. Cal. March 10, 1999).

This is not such a case.  In this case, after a bench trial, Plaintiff was convicted of Operating a Vehicle Under the Influence of an Intoxicant.  Plaintiff plead no contest to the charges of reckless driving and disobedience to a police officer's direction.  Because Plaintiff pled no contest to these charges and there was never a trial, the state never proved, and

the Plaintiff never admitted to, the facts underlying these charges.  Heck does not bar Plaintiff's Fourth Amendment claim for excessive force brought pursuant to Section 1983.  The use of excessive force does not necessarily imply the invalidity of Plaintiff's conviction for driving under the influence.  See Candler, 2007 WL 3232435, at *7-8  ("because defendants have not shown that a finding of their use of excessive force would necessarily negate an element of the battery offense, the Court cannot conclude that plaintiff's claims are barred under Heck").

To the extent Plaintiff alleges false arrest or unlawful detention, Plaintiff's claim is barred by Heck.  See Whitaker v. Garcetti, 486 F.3d 572, 584 (9th Cir. 2007) ("a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned") (quoting Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000)).  A probable cause challenge necessarily implicates the validity of the underlying conviction.

### *Plaintiff's remaining constitutional claims*

The Plaintiff does not dispute granting summary judgment as to his First, Sixth, and Eighth Amendment claims.

### *Fourteenth Amendment*

Plaintiff's claim for failure to properly provide medical treatment falls under the Fifth and Fourteenth Amendments.

The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Substantive due process protects individuals from arbitrary and unreasonable government action which deprives any person of life, liberty, or property.  See Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir. 1994).  "Claims of failure to provide care for serious medical needs, when brought by a detainee . . . who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment."  Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003) (citation omitted).

Generally, "[i]n order to defeat summary judgment, under traditional Eighth Amendment standards used in Fourteenth Amendment claims such as this one, [the plaintiff] must show that he was (1) 'confined under conditions posing a risk of 'objectively, sufficiently serious' harm" and (2) 'that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.'" Id. (quoting Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  "A defendant is liable for denying needed medical care only if he 'knows of and disregards an excessive risk to inmate health and safety.'"   Id. (quoting Gibson, 290 F.3d at 1187. "'In order to know of the risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious

11

harm exists, [ ] he must also draw that inference.' ... But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction.'" Id. (citing Gibson, F.3d at 1188 (alteration in original).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks omitted).

Aside from their argument under Heck, Defendants do not challenge Plaintiff's Fourteenth Amendment claim for failure to provide medical treatment.  Plaintiff's Fifth and Fourteenth Amendment claim for failure to provide medical treatment remains.

### *Ninth Amendment*

Plaintiff's Ninth Amendment claim fails as a matter of law. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX.  The Ninth Amendment does not provide a basis upon which Plaintiff may impose liability under section 1983 because it does not "independently [secure] any constitutional right ...." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiff's may not "'double up' constitutional

claims") aff'd sub nom. Groh v. Ramirez, 540 U.S. 551 (2004); Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional claim"). Plaintiff's attempt to impose liability for violation of the Ninth Amendment fails as a matter of law.

## CONCLUSION

(1) Defendants' Motion for Summary Judgment (Doc. 42) is **GRANTED IN PART AND DENIED IN PART**;

(2) Plaintiff's claims for violation of the First, Sixth, Eighth, and Ninth Amendments to the United States Constitution are **DISMISSED WITH PREJUDICE;**

(3) Plaintiff's Fourth Amendment claim for use of excessive force and Fifth and Fourteenth Amendment claim for failure to provide proper medical treatment remain. Plaintiff's state law claims also remain.

IT IS SO ORDERED.

DATED: November 27, 2007, Honolulu, Hawaii.



                     **/s/ Helen Gillmor**
                     Chief United States District Judge

---

Musrasrik v. City and County of Honolulu; Civ. No. 06-00150 HG-BMK; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**